JOHN O. WOODRUFF AND OTHERS v. THE COMMERCIAL MUTUAL INSURANCE COMPANY.

In an action upon a marine policy of insurance, a verdict having been rendered for the plaintiff, subject to the opinion of the court at general term, the court, after argument, granted an order setting aside the verdict, and ordering a new trial, unless the parties would consent to a reference to ascertain the amount of the damages sustained by the plaintiff, exclusive of those arising from a cause held by the court not to be within the terms of the policy. The parties consented, and a reference was ordered accordingly. *Held*,

I. That the defendants, by their consent, waived their right to a new trial before a jury, and that the final judgment of the court at general term was reserved until the coming in of the referee's report.

II. That his report should be regarded in the same manner as a special finding of a jury, and ought not to be set aside unless it was against the clear weight of evidence, and the preponderance in favor of the unsuccessful party was so great as to lead to the conclusion not only that injustice had been done, but that the finding must have been the result of passion, prejudice, undue bias, or corruption. .

III. That it was for the defendants to show affirmatively, on such reference, the extent, character, and amount of the injuries which resulted from the cause held by the court not to be within the terms of the policy; and, that the referee having found, as matter of fact, that no appreciable damage was caused thereby, and his report not being so clearly against the weight of evidence as to justify the court in setting it aside upon that account, it was properly confirmed, and judgment for the plaintiff, for the full amount of his claim, was correct.

APPEAL by defendants from an order confirming a referee's report, and from judgment entered thereon. The facts in this case, and the way in which it came before the court, are fully stated in the opinion.

*William D. Booth,* for the appellants.

*Luther R. Marsh,* for the respondents.

By the Court, HILTON, J.—The defendants insured a quantity of wheat in sacks shipped to the plaintiffs on board a vessel from New Orleans to New York. With the wheat was stowed a quantity of hides, and, on the voyage, the wheat was damaged and

the hides were rotted by reason of sea water flowing into the hold of the vessel. The defendants admit that 2,250 bushels of wheat were damaged by a sea peril against which they insured to the amount of $4,490.17, and for which they have paid. But the plaintiffs claim that 7,658 sacks of wheat were thus damaged; and this action is brought to recover the difference between the alleged actual damage and the amount so admitted.

At the trial, before Judge BRADY and a jury, this sum was, by consent, ascertained to be $10,159.98, and for which a verdict was, likewise by consent, directed to be taken for the plaintiffs, subject to the opinion of the court at general term upon the questions of law reserved as to the liability of the defendants under a certain clause in their policy termed the "sea water clause."

The court at general term was of opinion that the defendants, under this clause, were liable for all damage arising from actual contact of the wheat with sea water, whether caused by immersion, or by dampness communicated to the upper tiers of wheat from the contact with sea water of the lower portion. But as it seemed to the court, from the evidence at the trial, that part of the damage claimed arose from the effluvia emitted by the decayed hides, and for which damage the defendants were not liable under their policy, a new trial was ordered, and the verdict so taken set aside, unless the parties would consent to a reference to ascertain the amount of damage, exclusive of the portion so injured. The parties subsequently consenting, a reference was ordered. The effect of this was that the defendants waived their right to a new trial before a jury, and the final judgment of the court at general term was reserved until the coming in of the referee's report.

Upon the reference, many witnesses were examined on both sides, and from their testimony the referee found, and determined as matter of fact, that the smell and stench from the decayed hides did not materially, or to any appreciable extent, affect any of the wheat except such as was in the lower tier of sacks, and which came in contact with the hides, and did not extend beyond the wheat with which the sea water came in contact, and for which

the defendants have settled and paid. The motion to confirm this report, and the exceptions of the defendants thereto, was, by the order of the general term, directed to be heard at the special term; and, on such hearing, it was ordered that it be confirmed, and judgment entered upon it for the amount of the verdict. From this order and judgment the defendants appeal, and the effect of this proceeding is to bring the case before the court at general term for final determination and judgment, pursuant to the direction made at the trial, except that the court is now aided by the determination of the referee upon the question of fact which the parties consented to submit to his decision, rather than go to a new trial before a jury.

The defendants ask that the report of the referee be set aside as being against the weight of the evidence before him, that the judgment be vacated, and a new trial ordered of all the issues in the cause before a jury.

The report of the referee must be regarded in the same manner as a special finding of a jury, and ought not to be set aside unless it is against the clear weight of evidence, and the preponderance in favor of the defendants so great as to lead to the conclusion not only that injustice has been done, but also that the finding must have been the result of passion, prejudice, undue bias, or corruption. Graham on New Trials, 452; *Jackson* v. *Loomis*, 12 Wend. 27; *Diblin* v. *Murphy*, 3 Sand. S. C. 19; *Keeler* v. *Fireman's Ins. Co.*, 2 Hill, 250; *Eaton* v. *Benton*, 2 Id. 576; *Collins* v. *Albany and Schenectady RR.*, 12 Barb. 492; *Lee* v. *Schmidt*, 6 Abbott's P. R. 183. But, on looking into the evidence taken before the referee, so far from being led to any of these conclusions, we think that it fully sustains his finding; and, although it is true that several of the witnesses have modified their views respecting the cause of the damage, as expressed on the trial, yet they stand entirely unimpeached—and the most that can be said of them is, that the reflection they have given to the subject has not been beneficial to the defendants' view of the case; besides, it should be borne in mind that, at the trial before the jury, they were only called upon to testify generally as to the cause of the damage, and their atten-

tion was not directed to the effect which resulted from such particular cause. When they were afterwards questioned as to this before the referee, they not only explained the entire subject of the damage, but did it so satisfactorily as to convince us that the verdict does not include damages resulting from the effluvia of the decayed hides.

Besides, it was for the defendants to show affirmatively, before the referee, the extent, character, and amount of the injuries which resulted from this smell or stench. They failed to do so; and, surely, it cannot be expected that, upon another trial, the same witnesses would, upon further reflection, vary their last testimony. There is nothing in the case to justify such an expectation, and we see no reason for withholding from the plaintiffs a judgment for the full amount of their verdict.

Judgment accordingly.